IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

DONNELL FLOURNOY                    *

    Plaintiff,                   *

    v.                           *       1:10-CV-104-ID
                                            (WO)
MARK CULVER, HOUSTON CO.            *
COMM., *et al.*,
                                    *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff alleges that his constitutional rights were violated when he was removed from a community work release program. Plaintiff further complains that he was subjected to verbal abuse and had personal property confiscated and destroyed. Plaintiff seeks injunctive relief and monetary damages and requests trial by jury. Named as defendants are Houston County Commissioner Mark Culver, CCO Director Gary Knight, CCO staff members Skipp Duffy and Veronica Alvardo, and Lieutenants Napa and Jones with D.S.I. Security.

Upon review of the complaint, the court concludes that Plaintiff's claims against Commissioner Mark Culver and Lts. Napa and Jones should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the

## I. DISCUSSION

### A. Commissioner Mark Culver

Plaintiff names Houston County Commissioner Mark Culver as a defendant alleging that he is responsible for the overall operation of the community work release facility and should ensure that inmates placed at the facility are treated fairly and assigned to a job they can perform. County commissioners cannot be held liable for actions undertaken during the daily operation of a county work release center. *See Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Further, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county work release center. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against Commissioner Mark Culver are subject to summary dismissal upon application of the directives of 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).

### B. Defendant Napa

Plaintiff complains that Lt. Napa took Plaintiff's personal property from his locker at the community work release center and destroyed it. The court understands Plaintiff to complain that Defendant Napa's allegedly improper confiscation of his property violated

---

payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

his right to due process. Insofar as Plaintiff's complaint about the allegedly improper confiscation of his property is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [property from Plaintiff's locker] was not returned because of [Defendant's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendant] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendant] acted without authorization. If [Defendant] was acting pursuant to authorization, his actions would be within the outer perimeter of his duties and would not have violated any clearly established constitutional right and therefore he would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Defendant] was acting in bad faith outside the scope of his duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527

(1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendant Napa violated his due process rights by improperly confiscating his personal property, whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

**C. Lt. Jones**

Plaintiff alleges that Lt. Jones subjected him to verbal abuse by addressing him using racially derogatory names. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, rehearing en banc* 407 F.3d 1272 (11th Cir. 2005); *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not

present actionable Section 1983 claim). Consequently, the remarks Plaintiff attributes to Defendant Jones will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Culver, Jones, and Napa be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and/or (iii);

2. Houston County Commissioner Mark Culver, Lieutenant Jones, and Lieutenant Napa be DISMISSED as defendants to this cause of action; and

3. This case, with respect to Plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **March 1, 2010** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of February 2010.

    /s/ Wallace Capel, Jr.
    WALLACE CAPEL, JR.
    UNITED STATES MAGISTRATE JUDGE